IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JAMES ELBY ROGERS, § | |
| BOP No. 16779-078, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:19-CV-232-Z-BR |
| § | |
| BRYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING INJUNCTIVE RELIEF

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed December 19, 2019 (ECF No. 3) ("Complaint") and Motion for Preliminary Injunction (ECF No. 8) ("Motion for Preliminary Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED** and his Motion for Preliminary Injunction is **DENIED**.

**FACTUAL BACKGROUND**

By his Complaint, Plaintiff argues that on February 27, 2019 a legal publication was removed from his cell without following proper procedures during a cell shakedown of the unit. *See* ECF No. 3, at 4, 8. Plaintiff states that he questioned the removal of his legal material and was told that it was contraband. *Id.*, at 8. Further, he filed a Step 1 grievance concerning the incident and received no response. *Id.* Plaintiff's Step 2 grievance was returned unprocessed. *Id.* Plaintiff

claims that his Fourth Amendment rights were violated by the seizure of his property. *Id.*, at 10. Plaintiff also claims his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by the failure to document the seizure and the failure to address his grievances adequately and properly. *Id.* Plaintiff states that he also as a Fourteenth Amendment equal protection claim, without indicating any similarly situated individual receiving disparate treatment. *Id.* Plaintiff additionally argues Defendant Collier has supervisory liability based on his oversight of the other Defendants. *Id.*, at 11.

Plaintiff seeks injunctive relief to prevent "future retaliation," declaratory relief, criminal charges against each Defendant, costs of suit, and compensatory damages of $200,000 per Defendant. *Id.*, at 12.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together

2

A federal court may issue a preliminary injunction to protect a movant's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018). In the event that Plaintiff's claims are frivolous, his request for injunctive relief will also fail. *See Landry*, 909 F.3d at 106 (no likelihood of success on the merits will lead to denial of injunctive relief).

**ANALYSIS**

First, Plaintiff's claims for injunctive relief are now moot, as he was transferred to the Bureau of Prisons and is no longer in TDCJ custody. *See* ECF No. 14. A unit transfer to another jurisdiction moots requests for injunctive relief that would require TDCJ to change their procedures. *See Haralson v. Campuzano*, 356 Fed. Appx 692, 695–96 (5th Cir. 2009) (prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the

---

with the *Watson* questionnaire.")

prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition, yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); *Rivera v. Dawson*, No. 05–41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); *Tamfu v. Ashcroft*, No. 02–10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); *Stewart v. Warner*, Civ. Action No. 14–4759, 2014 WL 3498165, at *3 (E.D.La. July 15, 2014); *Ashford v. Gusman*, Civ. Action No. 12–87, 2012 WL 1019830, at *5 (E.D.La. Feb. 22, 2012), adopted, 2012 WL 1019170 (E.D.La. Mar. 26, 2012). Because Plaintiff's claims for a injunctive relief are now moot, the Court no longer has subject matter jurisdiction to consider those claims.

Plaintiff's Fourth Amendment claim for the seizure of his property fails. Fifth Circuit precedent holds that inmates do not have an expectation of privacy in their prison cell to support a claim for unreasonable searches and seizures. *See United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009)). The Fourteenth Amendment protects against random and unauthorized deprivations of property or liberty interests, but Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Texas courts have allowed inmates to raise ordinary tort claims against TDCJ-CID employees for lost or stolen property. *See Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, *reh. overruled*)). The wrongful confiscation of Plaintiff's legal materials does not amount to a "condition of confinement so serious as to deprive him of the minimal measures of life's necessities" and therefore does not support an Eight Amendment claim. *See Wilson v. Lynaugh*, 878 F.2d 846, 848 (5th Cir. 1989)). Additionally, Plaintiff has no due process claim or First Amendment claim concerning the inadequate response

or investigation of grievances. A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff's Fourteenth Amendment equal protection claim and Sixth Amendment claim are entirely conclusory and frivolous; in fact, Plaintiff merely cites to these authorities without stating any factual support for such claims.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice as frivolous. Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE